Trolan agt. Fagan.

## SUPREME COURT.

### JOHN C. TROLAN agt. KITTIE L. FAGAN.

*Admission of personal service of summons and complaint — irregularity.*

Where the admission of personal service of the summons and complaint by the defendant is antedated, for the purpose of giving the plaintiff preference in the entry of judgment by default against the defendant, over another judgment creditor of the defendant, although the defendant might be estopped from questioning the date of the admission, not so with the subsequent judgment creditor, who is authorized to have the first judgment set aside on his motion as against his judgment.

The admission in this case did not state the *place* of service, so that upon the face of the papers there was no proof of service sufficient to authorize the entry of judgment. The Code says (§ 138), that "the admission must state the time and place of the service."

*Oneida Special Term, December 1st, 1874.*

MOTION by judgment creditor of defendant to set aside the judgment in the above action entered in favor of plaintiff prior to the judgments of the moving party.

*Beardsley, Cookinham & Burdick,* for motion.

*Fiske & Ballou,* opposed.

MERWIN, J. — On September 12th, 1874, the Utica City National Bank commenced two actions against the defendant, Fagan, by personal service of summons and complaint. About a week or ten days thereafter the plaintiff herein commenced an action against the defendant by service of a summons and complaint, and obtained from defendant an admission of service in the following words: "I hereby

Trolan agt. Fagan.

admit due and personal service of the within summons and complaint, this 10th day of September, 1874.

> "KITTIE L. FAGAN, defendant."

On the 1st day of October, 1874, an affidavit was made on behalf of the plaintiff, verifying the signature of the defendant to the admission of service, and also swearing that the affiant personally served the summons and complaint on the defendant, at Boonville, not stating the time.

It is found by the referee, to whom certain questions on this motion have been heretofore referred, that the affiant named in the affidavit did not make such service; but personal service seems in some way to have been made. On the 2d day of October, 1874, the plaintiff herein, upon the summons and complaint, admission of service, and affidavit above referred to, and the ordinary affidavit of default, entered judgment against defendant for $530.34. On the third day of October, judgments were entered in the two actions in favor of the City Bank. The referee finds that the plaintiff's debt is good and valid, and that the admission of service was given by the defendant and obtained by the plaintiff, for the purpose and with the intention of obtaining a judgment before judgments were entered in behalf of the bank. The bank now moves to set aside the plaintiff's judgment as fraudulent and void.

It will be seen from this statement, that the validity of plaintiff's judgment depends upon the validity of the admission of service and the right of the parties to date it back far enough so that upon its face it would authorize the entry of judgment.

By section 138 of the Code, proof of the service of the summons and complaint may be made by the written admission of the defendant, in which case the section says: "The admission *must state the time and place* of the service."

The admission, in this case, does not state the place of service, so that upon the face of the papers, there is no proof of

Trolan agt. Fagan.

service sufficient to authorize the entry of judgment. In this view of the case, the judgment was a nullity, within the opinion of ROSEKRANS, J., in *Read* agt. *French* (28 *N. Y.*, 295).

But let us see about the right of the parties to date back the admission, thereby overriding the rights of the bank acquired by the personal service in their cases. The Code provides two ways by which a debtor may in fact give a preference to a creditor, namely, by a confession of judgment and by offer. In these two proceedings the statute provides such safeguards as the legislature thought proper to impose; and a preference obtained in these ways, and in accordance with the provisions of the statute, would not in itself be fraudulent. The plaintiff, instead of taking either of the courses allowed by law, took one not provided for by any statute, and I see no ground it can stand upon, except that of estoppel.

Very likely the defendant would be estopped from denying that the service was not in fact made on the tenth September, the date of the admission. But this estoppel, it seems to me, cannot bind the judgment creditor who now moves. It had acquired certain rights by the service of its process. One of these rights was, that all future proceedings affecting defendant's property should be conducted according to law. If the defendant desired to make any preference, the creditor had a right to have it done legally and in accordance with the statute in such case provided.

As a precedent, the dating back cannot be sustained, when the rights of others have intervened. It would be liable to great abuse. I think there is no doubt as to the right of the judgment creditor to make this motion. It is within the principle of *Chappell* agt. *Chappell* (2 *Kernan*, 515).

The plaintiff's judgment must be set aside, as against the judgment of the moving party.